THE SOUTHERN MARBLE COMPANY *v.* STEGALL.

1. A will in which the husband and father directed that "I desire and will that my beloved wife Elizabeth Stegall . . take and have possession of all my effects both real and personal, and to use and live off of the profits of the same as a support for herself and minor children until the youngest child born to us shall have arrived at the age of twenty-one years, and I further desire and direct that no account shall be taken by my executors of the profits arising from my estate in the hands or possession of my said wife, Elizabeth Stegall, for the term of time mentioned, but the same is to be under her exclusive control for the comfort and convenience of herself and maintenance and education of our minor children, my executors looking alone to the protection of the estate. Item 4th: Should my beloved wife Elizabeth depart this life before the youngest child shall have attained to the age of twenty-one years, then in that event I hereby appoint and earnestly request my executors to act as guardian for my minor children during the minority and that they apply the profits

of my estate to their maintenance and education as specified in item —— of this my will, and in no event to make any disposition of my estate either personal or real until the youngest child shall arrive to the age of twenty-one years," constituted the wife a testamentary guardian of the minor children and of their property derived through the will.

2. To a bill filed by the widow in her own behalf and as guardian of her minor children, praying for a decree of sale of their interest in the realty disposed of by the will, the children as well as the widow were parties plaintiff, and no service of the bill upon them was necessary. While an acknowledgment of service by them in person and by a guardian *ad litem* whom the court appointed did no good, it did no harm.

3. Impossibility to carry out a last will and testament is, and was in 1887, a ground of jurisdiction for decreeing a sale of real estate devised to minors, although the will itself directs that no sale take place until the youngest one attains majority. Code, §4214; *Rakestraw* v. *Rakestraw*, 70 *Ga.* 806; *Sharp* v. *Findley*, 71 *Ga.* 654. The bill or petition need not be brought by the executors, but may be brought by the testamentary guardian of the minors, the executors being made parties defendant. The decree may be made during term as well as in vacation, all parties including a guardian *ad litem* of the minors consenting. Where the adjudication takes place in term time and the record recites that consent was given, this is sufficient evidence that it was given, without the production of any other writing to establish the fact. The proceeding is not vitiated by a failure to attach process to the bill or petition, nor by not formally filing the petition or bill in the clerk's office prior to the rendition of the decree. The general rule is that a testamentary guardian is not required to give bond and security as to property coming to the ward under the father's will. Code, §1804.

4. The decree of sale having been rendered by consent of all the parties in interest, and the testamentary guardian and guardian *ad litem* being competent in law to represent the minors in the matter of consent, as well as in other respects touching the proceeding, the adjudication that the sale was necessary is binding upon the minors in favor of the purchaser at a private sale made in pursuance of the decree, if the decree was free from fraud. But as collusion between the purchaser and the widow is apparently one of the grounds of attack upon the decree, and there being some hint at collusion with the executors also, the judgment overruling the demurrer is upheld solely because the decree is attacked for fraud, and because the charges of fraud, if not sufficiently definite and specific, may be made so by amendment.      *Judgment affirmed.*

August 27, 1892.

Will.   Guardian.   Minor.   Party.   Service.   Sale.
Jurisdiction.   Estoppel.   Fraud.   Before Judge Gober.
Pickens superior court.   September term, 1891.

The demurrer of the Southern Marble Company to
the petition of Stegall *et al.* was overruled, and excep-
tion was taken.

John Stegall died November 4, 1878, leaving a will
containing the following provisions: He directed that
his wife, Elizabeth Stegall, should have possession of
all his real and personal effects, and use and live off of
the profits of the same as a support for herself and
minor children until the youngest child should arrive at
age; that no account should be taken by his executors
of the profits arising from the estate in the hands of
his wife for the time mentioned, but the same should be
under her exclusive control for the comfort and con-
venience of herself, and maintenance and education of
the minor children, the executors looking alone to the
protection of the estate; that should the wife die before
the youngest child became of age, the executors were
appointed to act as guardians for the minor children,
and to apply the profits of the estate to their mainte-
nance and education, and in no event to make any dispo-
sition of the estate, either personal or real, until the
youngest child should become of age, at which time the
executors should take charge of the estate remaining
in the possession of the wife and proceed to advertise
the same according to the further provisions of the will,
as early as practicable; that [when] the wife had made
her election of dower or child's part of the estate under
the law, the executors divide the balance equally among
the testator's eleven children, and if a division in kind
could not be made satisfactory, the executors should sell
the same at public outcry after first giving due and legal
notice as the law directs, the proceeds, after paying ex-
penses, to be equally divided among the testator's heirs

as above stated; that the portion hereby willed to the testator's daughters should be theirs, free from all liability of debts or control of their husbands; and that J. H. and A. H. Stegall, two of the testator's sons, be appointed executors.

On April 20, 1887, Elizabeth Stegall, in her own behalf and as guardian of her three minor children, brought her bill against the executors, to which the will was attached as an exhibit, praying for an order authorizing her, as guardian, to sell at private sale to the Southern Marble Company the undivided interest of each of said minors in the land of the testator, for $2,700, upon such terms and with such direction as to the disposition of the proceeds of the sale, and for such general relief, as might seem proper to the court. She alleged that under the will she was the testamentary guardian of the minors; that eight of the testator's children were of age; that the estate consisted of a small amount of personalty and the land in question (three hundred acres more or less, describing it), upon which the testator resided at the time of his death, and had thereon a farm, grist-mill, saw-mill and cotton-gin; that complainant and her minor children still resided thereon; that the eight devisees (other than complainant) who were of age had sold and duly conveyed by deed their respective undivided interests, without any reservation whatever, in said land and estate in moiety of testator, for $5,726, which sum had been paid to them respectively; that complainant had sold and conveyed by deed all her interest in the estate, except her interest in the land for farming purposes, for $323, which had been fully paid to her; that the mills had recently been destroyed by fire and the improvements on the land had fallen into great decay, and she was without the means necessary to repair them, and they were wholly unproductive of any profit; that the land as a farm afforded only a meagre sustenance for

her and the minors, leaving nothing that could be applied to the education of the latter; that the duty charged upon her by the will, of providing for the education of them accorded with her natural desire; that because of deposits of marble on the land, the interest of the minors could be sold to the Southern Marble Company for $2,700, which would be more than sufficient to provide for their education, which deposits were wholly unavailable for their support and education, for want of means for quarrying and working the same; and that by the terms of the will the sale of their undivided interests would not in any manner affect the right of complainant to the use and possession of the land during the period named in the will, that is, until the youngest child should arrive at age. On the same day the bill was sworn to, service of it was acknowledged by the excutors, and an agreement was entered thereon, signed by Elizabeth Stegall as guardian of the three minors, and by the executors, that the cause might be heard and determined at the next term of the court and a decree therein be rendered. The executors made an answer admitting all the facts as alleged, and stating that they believed the sale would be to the interest of the wards, as the Southern Marble Company then owned eight twelfths of the property and nine twelfths of the marble and mineral of the land, and that $2,700 was a fair price for the remaining three twelfths; but desiring to faithfully execute the trust imposed on them as executors, they submitted to the court whether or not the relief prayed for should be granted. On April 27, 1887, a guardian *ad litem* was appointed for the minors, and he accepted the trust and acknowledged service; and on the same day the minors signed an acknowledgment of service, waiver of copy and time of filing, and agreement that the case be heard at the April term, 1887. The court thereupon passed the following order: The case

having come on for a hearing at this term by consent of
all the parties at interest, and it appearing from the
evidence adduced, that it is impossible to carry out all
the terms of the will and educate the children as con-
templated thereby, and there being no issue of fact in-
volved, and all the parties agreeing thereto, it is decreed
that the shares and interest of the minors be sold at
private sale to the Southern Marble Company for $900
each, aggregating $2,700; that upon the payment of that
sum by the Southern Marble Company the executors
and the complainant, who is the natural guardian of the
minors, be authorized and directed to convey their in-
terest in the land to the Southern Marble Company;
that the money arising from the sale be paid to the com-
plainant upon filing a bond of $5,500 with the ordinary,
the security to be approved by him, and upon her failure
to receive the money from any cause, the executors are
authorized to receive it upon giving like bond, and if
for any cause they fail to receive it, it shall be paid to
the person or persons who may be selected by the mi-
nors, upon their giving bond and security as required by
law, or to such person or persons as the ordinary may
appoint guardian of the minors, upon giving said bond.
It is further ordered that the evidence adduced on the
trial be filed and recorded by the clerk with the bill,
answer and other proceedings, and that the Southern
Marble Company pay the cost of this proceeding.

On March 30, 1891, the three children who were
minors when this decree was rendered, brought their
petition in equity against the Southern Marble Com-
pany, the executors and Elizabeth Stegall, to set aside
said decree as null and void, and for judgment that each
of the petitioners is entitled under the will, or as heir
at law of John Stegall, to one undivided tenth interest
in the land, or to such other interest as they may be
shown to have, and that the land be sold as an entirety

to satisfy said judgment, if a division in kind cannot be legally and properly made. They allege that the executors wrongfully persuaded their mother to file the bill above stated; that the decree so rendered is totally null and void; that the court had no jurisdiction to render it; that it was made fraudulently and illegally; that the price fixed to be paid by the Southern Marble Company was inadequate, and the whole proceeding was simply colorable and fraudulent; that that company wrongfully induced Elizabeth Stegall to file the bill by offering to pay her $333, and to give her a deed to certain of the land, including the dwelling-house in which she lived, and the use and occupation of the same until the youngest child should be of age; that, as petitioners are informed, certain moneyed inducements were paid to the executors to have the decree made and the sale consummated, that is, they were paid or had donated to them something over and above the $900 for the shares of each heir of the testator; that the Southern Marble Company is in exclusive possession and control of the land, except the portion so relinquished to the use of Elizabeth Stegall; that petitioners have never received any sum from the executors for or on account of the sale of the land under the decree, but have steadfastly refused to receive such money or any part thereof, all along contending that the sale was illegal and void, and that their title to three elevenths undivided interest remains good and valid.

This petition was brought to the superior court of Pickens county, in which county the land lies. By amendment it was alleged that the Southern Marble Company is a corporation with its residence in Fulton county, and carrying on th business of quarrying marble in Pickens county, and that the other defendants are residents of Pickens couity. By further amendment it was alleged that the sal under the decree was abso-

lutely void, because : (1) Petitioners were not parties
to the proceeding; they were never served with copies
of the proceeding, and on account of their minority
they could not acknowledge service, waive copy, etc.
(2) The court had no jurisdiction to render the decree,
Elizabeth Stegall not being trustee for the minors, nor
the executrix of the will.   Petitioners deny that she
was their guardian, but should it be held otherwise,
they submit that she made her application to the wrong
forum, that the court of ordinary alone had jurisdiction
to pass on her application, but that no court could have
granted her application at that time, for the reason that
she had not complied with the code, §1803, by making
her bond and filing it with the ordinary.   (3) No pro-
cess ever issued, nor was it ever waived by anybody.
(4) The proceeding was never filed in the clerk's office
twenty days prior to the term at which the decree was
rendered, and was never filed until after the rendition
of the decree.    Petitioners allege that all of their
waivers and consents were made under the direction,
control and influence of their mother and the executors,
but they were minors and were incapable of making
such consents and waivers.   (5) The decree was ren-
dered at a regular term before the filing of the
proceeding, without any valid consents, without the
intervention of a jury, and without any consent as to
the decree to be rendered, all of which were essential,
there being questions of fact involved.   The court had
no authority to pass on the proceeding until the second
term after it had been filed, served and all parties were
legally before it.   (6) There was no necessity for the
sale of the land; the evidence showed there was none;
the will expressly provided that it should not be sold
until the majority of the youngest child; and the de-
cree was passed, not in the interest of the petitioners,
but of the Southern Marble Company.

The grounds of demurrer are as follows: (1) Misjoinder of defendants, there being no common liability or interest between the Southern Marble Company and the other defendants. (2) Want of jurisdiction, the domicile of the Southern Marble Company being in Fulton county. (3) No cause of action is set out. (4) The proceedings attacked show that the petitioners were parties plaintiff; hence no service on them was necessary, and any acknowledgment of service, waiver of copy, etc., by them, was superfluous; and the fact that they were minors would not prevent their being bound by acknowledgment of service and waiver of copy. (5) It was not necessary that Elizabeth Stegall should have been trustee for petitioners, or executrix of the deceased, to make her a proper party to file the proceeding on behalf of the present petitioners; nor was it necessary that an application should have been made to the court of ordinary, a court of equity having jurisdiction; and the will appoints Elizabeth Stegall the guardian of petitioners. (6) The proceeding referred to shows it was filed before the decree was rendered, and the parties plaintiff therein cannot set up the irregularity complained of, if there be any irregularity, and the same furnishes no ground for setting aside the decree; nor do the allegations of the amendment furnish any ground for setting the decree aside, and they are too vague and general.

HARRISON & PEEPLES and F. C. TATE, for plaintiff in error.

CLAY & BLAIR and H. B. TOMPKINS, *contra.*